IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-285-1H
NO. 5:12-CR-573-H

JODY EARL ELBERT, )
    Petitioner, )
 )
v. ) **ORDER**
 )
UNITED STATES OF AMERICA, )
    Respondent. )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, asking the court to vacate his conviction and sentence in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss. Petitioner's counsel then filed a supplemental memorandum in support of his motion, and the government has responded. This matter is ripe for adjudication.

On January 22, 2003, petitioner was named in a five-count indictment charging him with various drug offenses as well as use and carry of a firearm during a drug trafficking offense and

being a felon in possession of a firearm. On June 23, 2003, pursuant to a written memorandum of plea agreement, petitioner plead guilty to possession with intent to distribute cocaine and being a felon in possession of a firearm, as charged in counts three and five of the indictment. On October 27, 2003, the court sentenced petitioner to 87-months' imprisonment on each count to run concurrently. On May 4, 2009, a motion for revocation of petitioner's supervised release was filed. On June 18, 2009, an indictment was filed charging petitioner with possession with intent to distribute cocaine. See Case No. 5:09-CR-0178-1H (D.E. #16). Following a trial at which petitioner was found guilty, the court sentenced petitioner to a term of imprisonment of 36 months. On the supervised release revocation in the instant matter, petitioner was sentenced to a 18-month sentence. The 18-month sentence was to be served consecutively to the 36-month sentence.

On August 27, 2012, petitioner filed the instant motion to vacate asserting that he is actually innocent of being a felon in possession. The United States concedes that the underlying state conviction is no longer a felony in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), but argues that petitioner's § 2255 claim should still be dismissed.

Petitioner's motion was not filed within the one-year statute of limitations provided in 28 U.S.C. § 2255(f)(1).

2

However, a showing of actual innocence would lift the procedural bar caused by failure to timely file his motion. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) Furthermore, petitioner did not raise on direct appeal the issue presently before the court and this claim is therefore procedurally defaulted. Murray v. Carrier, 477 U.S. 478, 485 (1986). Procedurally defaulted claims can nevertheless be reviewed on federal habeas review if the petitioner demonstrates "cause and prejudice" or shows that he is "actually innocent" of the charges against him. Id.

To establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

> [T]he government is not limited to the existing record to rebut any showing that petitioner might make. Rather, . . . the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . . In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.

3

Id. at 624. If petitioner meets his burden of proving actual innocence, he will then be entitled to have his claim considered on the merits. Bousley, 523 U.S. at 624.

Petitioner has not met his burden of showing actual innocence on all charges. The government dismissed counts one, two and four of the indictment in exchange for petitioner's plea of guilty as to counts three and five. Counts One and Four carried statutory maximum penalties of life imprisonment and Count Two carried a maximum penalty of 40 years imprisonment. In contrast, he pled guilty to Count Three with a statutory maximum penalty of 20 years and Count Five with a maximum penalty of 10 years. Because the dismissed charges are more serious in terms of penalty, petitioner's showing of actual innocence must also extend to these charges.

Having failed to show he is actually innocent of the more serious charges foregone by the government in the course of plea negotiations, petitioner's claim of actual innocence fails and his § 2255 motion must be dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's § 2255 motion is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28

4

U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 3RD day of April 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26